UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MUTASCU, | ) Case No. 15-7066 DDP-AFM |
| Plaintiff, | ) **AMENDED ORDER RE:** |
| v. | ) **DEFENDANT'S MOTION TO** |
| | ) **DISMISS** |
| EMIL BOTEZATU, | ) [Dkt. 39] |
| Defendant. | ) |

Pursuant to the Ninth Circuit's instructions, see Dkt. 51, the court hereby adopts the following amended order dismissing Plaintiff's Complaint without prejudice.

**I. BACKGROUND**

Plaintiff in pro per George Mutascu and Defendant in pro per Emil Botezatu are both citizens of Romania. (Compl. ¶¶ 2-3, 6.) Plaintiff alleges that he met Defendant in a U.S. Immigration and Customs Enforcement ("ICE") detention facility in Nevada. (*Id.* ¶ 5.) In May 2015, Defendant allegedly called Plaintiff, threatening him and his relatives. (*Id.* ¶ 11.) Plaintiff also claims that his car was vandalized. (*Id.* ¶ 12.). Furthermore,

Plaintiff alleges he was informed by an acquaintance in June 2015 that Defendant had contracted with gang members to have him harmed. (*Id.* ¶ 13.)

Defendant now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) for lack of jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. 39.)

**II. LEGAL STANDARD**

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. *See Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000).

Motions to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either facial or factual attacks. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. (quotations omitted). In deciding a facial challenge under a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the court "take[s] the allegations in the plaintiff's complaint as true." *Id.*

**III. DISCUSSION**

Plaintiff George Mutascu invokes the court's federal diversity jurisdiction under 28 U.S.C. § 1332. District courts have diversity jurisdiction over all civil suits where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and there exists complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); *Caterpillar Inc., v. Lewis*, 519 U.S. 61, 68 (1996).

As amended in 2011, 28 U.S.C. § 1332(a) provides for complete diversity of citizenship when the parties are:

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign

2

    state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
*(4)* a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Taking all the allegations in the complaint as true, the court finds that complete diversity of citizenship is lacking. When, as here, "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).[1]

"To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). According to the Complaint, Defendant is not a citizen of the United States. (Compl. ¶¶ 3, 6.) Similarly, based upon the allegations in the Complaint and a judicially noticeable court case, Plaintiff is not a citizen of the United States. Therefore, neither party is a "citizen of a State" within the meaning of 28 U.S.C. § 1332(a).

Instead, Plaintiff admits in the Complaint that he is a "native citizen" of Romania. (Comp. ¶ 2.) Although Plaintiff also states that he is a "citizen of California," (*id*.), the Complaint alleges that Plaintiff was housed in an immigration detention center. (*Id*. ¶ 6.). Furthermore, Plaintiff's opposition brief states that the parties met in immigration detention "while facing similar issues, both a matter of

---

[1] Although Plaintiff does not expressly raise a challenge to subject-matter jurisdiction on the basis of a lack of complete diversity between the parties, the court has a "special obligation" to satisfy itself of the basis of its own jurisdiction. *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986).

3

public record, see *Mutascu v. Gonzales*, ___ F.3d__ (5th Cir. Apr. 3, 2006)."² (Opp. at 2.)

This citation refers to Plaintiff's immigration case, *Mutascu v. Gonzales*, 444 F.3d 710 (5th Cir. 2006), where the Fifth Circuit affirmed the Board of Immigration Appeals' decision that Plaintiff had been convicted of an aggravated felony and was ineligible for discretionary relief, thereby subjecting him to removal.³ Because Plaintiff has an aggravated felony conviction, he cannot be a citizen of the United States. *See* 8 C.F.R. § 316.10(b)(1)(ii) (stating that a naturalization applicant convicted of an aggravated felony on or after November 29, 1990 is barred from establishing good moral character).⁴

"[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-91 (9th Cir. 1994). This is true even when the foreign parties are domiciled in a state of the United States. *See Polunin v. Fedotov*, No. CV 16-00664 HG-KSC, 2017 WL 1179941, at *3 (D. Haw. Mar. 29, 2017); *Guan v. Bi*, No. 13-CV-05537-WHO, 2014 WL 953757, at *6 (N.D. Cal. Mar. 6, 2014). Here, the court concludes that there is no complete diversity of citizenship between the parties, thereby extinguishing federal subject-matter jurisdiction under 28 U.S.C. § 1332(a).

Furthermore, the court concludes that any amendment consistent with the allegations in the Complaint would be futile. Although inartfully pled or

---

² Because neither party disputes the existence of this opinion, nor its contents, the court takes judicial notice of the entirety of the decision. *Lyon v. Gila River Indian Cty.*, 626 F.3d 1059, 1075 (9th Cir. 2010).

³ The Fifth Circuit case uses a variant spelling of Plaintiff's first name: Gheorge Mutascu, rather than George Mutascu. Nonetheless, it is apparent from the context that Plaintiff is referencing his own immigration proceedings and his attendant detention by ICE.

⁴ The basis for Plaintiff's aggravated felony conviction is a series of thefts committed after 1990. *See Mutascu v. Gonzales*, 444 F.3d 710, 711 (5th Cir. 2006).

4

"inadequate[]" jurisdictional allegations may be amended, "a district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 n.2, n.3 (9th Cir. 1988).[5]

**IV. CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.[6] Plaintiff's Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: June 28, 2019

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

---

[5] Even were Plaintiff to add additional defendants, the existence of Defendant as a party would still defeat complete diversity. *See Guan*, 2014 WL 953757, at *5 ("[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants, including actions between a United States citizen and an alien on one side and all aliens on the other side.") (quotations omitted).

[6] Because the court dismisses the case under Rule 12(b)(1), it does not reach Defendant's additional arguments for dismissal. Nor does it reach the arguments raised by Defendant for the first time in his reply.

5